United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 8, 2005**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-60089
_____

DAVID HUNTER,

Plaintiff-Appellant,

versus

C. MICHAEL SMITH, JR.;
MEMPHIS LUNG PHYSICIANS, P.C.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Mississippi
USDC Case No. 2:04CV108-PA

_____

Before JONES, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

This case concerns the proper calculation of the statute of limitations for medical malpractice claims in Mississippi. Finding Appellant David Hunter's claim time-barred, the district court granted summary judgment to Appellees Dr. C. Michael Smith and Memphis Lung Physicians, P.C. ("practice group"). Because recently published Mississippi case law has interpreted MISS. CODE ANN. § 15-1-36(15) in a manner that makes Appellant's claim timely brought, we **REVERSE** and **REMAND**.

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I. BACKGROUND

This diversity action stems from the emergency medical treatment received by Hunter, who was brought to Baptist Memorial Hospital-Desoto in Southaven, Mississippi on February 16, 2002. While at Baptist Memorial, Hunter was treated by Smith, a partner with the practice group. Hunter alleges that Smith committed medical malpractice in treating him; as a result of Smith's alleged negligence, Hunter maintains that he had to undergo additional surgery and spent a number of days in intensive care. Hunter now claims to have limited movement and weakness in his right hand and arm.

Hunter filed a complaint against Smith and the practice group on April 15, 2004. Smith then moved for summary judgment on the grounds that Hunter's claim was time barred, and the district court granted the motion. Hunter now brings this appeal, which may be heard under 28 U.S.C. § 1291.

## II. ISSUES ON APPEAL

Hunter raises three arguments as to why his complaint was timely. First, he argues that the relevant statute of limitations in this case, MISS. CODE ANN. § 15-1-36(2), is tolled for sixty days by MISS. CODE ANN. § 15-1-36(15). This interpretation of § 15-1-36(15) would make Hunter's claim timely. In the alternative, Hunter argues that the district court erred in failing to apply the discovery rule to his case, as he could not have reasonably known

2

of Smith's negligence until August 13, 2003, when he was able to review his medical records. Hunter also claims that he pleaded a breach of contract case against Smith, which carries a three-year statute of limitations, thus preserving his claim.

### III. DISCUSSION

This court reviews the district court's grant of summary judgment de novo, applying the same legal standards as the district court. Mayo v. Hartford Life Ins. Co., 354 F.3d 400, 403 (5th Cir. 2004)(citing Morris v. Covan World Wide Moving, Inc., 144 F.3d 377, 380 (5th Cir. 1998)). Summary judgment is appropriate where there is "no genuine issue as to any material fact and [] the movant is entitled to judgment as a matter of law." Copeland v. Wasserstein, Perella & Co., 278 F.3d 472, 477 (5th Cir. 2002).

In Mississippi, medical malpractice claims must be "filed within two (2) years of the date of the alleged act, omission or neglect shall or with reasonable diligence might have been first known or discovered." MISS. CODE ANN. § 15-1-36(2). This means that, absent tolling or application of the discovery rule, Hunter would have had to file suit against Smith and his practice group by February 16, 2004.

However, Mississippi also requires medical malpractice plaintiffs to supply defendants with at least sixty days' prior written notice of their intention to sue. MISS. CODE ANN. § 15-1-36(15). Smith and his practice group received written notice from Hunter on February 2, 2004, fourteen days before the statute of

3

limitations was set to expire on Hunter's claim. The sixty-day notice provision of § 15-1-36(15) is not waived in situations where plaintiffs have fewer than sixty days to timely bring suit. Instead, § 15-1-36(15) provides that:

> If the notice is served within sixty (60) days prior to the expiration of the applicable statute of limitations, the time for the commencement of the action shall be extended sixty (60) days from the service of the notice for said health care providers and others.

This portion of § 15-1-36(15) is at the heart of the case. Hunter argued that the effect of § 15-1-36(15) was to toll the statute of limitations for sixty days, such that he would have two years, plus sixty days, to bring his claim.[1] Appellees seized upon language indicating that the sixty day "exten[sion]" was "from the service of the notice" and argued that the statute of limitations expired once the sixty day notice period had run. The district court accepted the latter interpretation of § 15-1-36(15), and concluded that Hunter needed to bring suit by April 2, 2004, sixty days after Appellees received notice from him.

At the time the district court considered this case, there was no case law from the Supreme Court of Mississippi interpreting the effect of § 15-1-36(15) upon the state's two-year

---

[1] Hunter's interpretation of § 15-1-36(15) is informed by reference to MISS. CODE ANN. § 15-1-57, which states that "[w]hen any person shall be prohibited by law . . . from commencing or prosecuting any action or remedy, the time during which such person shall be so prohibited . . . shall not be computed as any part of the period of time limited by this chapter for the commencement of such action." Hunter argues that as there were sixty days where he could not legally bring suit against Smith and the practice group, § 15-1-57 prevents those days from counting against him for statute of limitations purposes.

4

statute of limitations. The district court was thus forced to make an "<u>Erie</u>-guess" as to how the state court would interpret § 15-1-36(15). <u>Mayo</u>, 354 F.3d at 406. We review the district court's <u>Erie</u>-guess de novo. <u>Id.</u> (citing <u>Williamson v. Elf Aquitaine, Inc.</u> 138 F.3d 546, 549 (5th Cir. 1998)).

This court no longer has to guess how Mississippi would interpret § 15-1-36(15), as the Mississippi Supreme Court very recently held in <u>Pope v. Brock</u>, 912 So. 2d 935, <u>reh'g</u> <u>denied</u>, 2005 Miss. LEXIS 719 (Miss. Nov. 3, 2005) that § 15-1-36(15) tolls the statute of limitations on medical malpractice claims for sixty days. Thus, "[§ 15-1-36(15)] requires a sixty-day tolling of the two-year statute of limitations." <u>Id</u>. at 939.

Applying <u>Pope</u> to the facts of this case, it becomes apparent that the district court erred in granting summary judgment in favor of Appellees. Hunter alleges that Smith committed medical malpractice in treating him on February 16, 2002. Under <u>Pope</u>, Hunter had two years and sixty days from February 16, 2002—or until April 16, 2004—to bring his suit against Smith. As Hunter filed suit on April 15, 2004, his suit was timely. Thus, the district court erred in granting summary judgment to Appellees on the theory that Hunter's claim was time-barred.

**CONCLUSION**

The district court's interpretation of MISS. CODE ANN. § 15-1-36(15) is now foreclosed by <u>Pope</u>. Therefore, the grant of

5

summary judgment in favor of Appellees is **REVERSED** and the case is **REMANDED** to the district court for further proceedings consistent with this opinion.